**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.

POWELL DOUGLAS PORTER,
      *Defendant-Appellant.*

No. 02-4861

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-01-9-V)

Submitted: June 17, 2003

Decided: July 9, 2003

Before MOTZ and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin D. Porter, MORROW, ALEXANDER, TASH, KURTZ &
PORTER, Winston-Salem, North Carolina, for Appellant. Robert J.
Conrad, Jr., United States Attorney, Kenneth M. Smith, Assistant
United States Attorney, Jennifer Marie Hoefling, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Powell Porter appeals his convictions following a jury trial on charges of conspiring to transport stolen landscaping equipment in interstate commerce and interstate transportation of stolen property. *See* 18 U.S.C. §§ 371, 2314 (2000). Porter asserts the district court erred in giving a jury instruction regarding "deliberate ignorance" and in denying his motions for acquittal, to interview jurors, for a bill of particulars, and mistrial. For the following reasons, we affirm.

First, we find no abuse of discretion in the district court's decision to give a "deliberate ignorance" instruction. *See United States v. Abbas*, 74 F.3d 506, 513 (4th Cir. 1996) (providing standard of review). Porter argues the United States' evidence, if believed, indicated Porter had actual knowledge the property in question was stolen. However, we have consistently held that such an instruction is proper when there is evidence of both actual knowledge and deliberate ignorance, *see id.*, and we conclude there was sufficient evidence presented at trial to support either theory.

Second, Porter's challenge to the district court's denial of his motion for judgment of acquittal is misplaced. Porter argues the testimony of two cooperating co-conspirators was so contradictory as to render their entire testimonies incredible. However, when reviewing the denial of a motion for acquittal, this Court considers only whether there is substantial evidence which, taken in the light most favorable to the United States, would permit a jury to find that the defendant was guilty beyond a reasonable doubt. *See United States v. Mac-Closkey*, 682 F.2d 468, 473 (4th Cir. 1982); *see also Glasser v. United States*, 315 U.S. 60, 80 (1942). We do not assess the credibility of the witnesses and assume the jury resolved all contradictions in the witnesses' testimony in favor of the government. *United States v. Sun*, 278 F.3d 302, 313 (4th Cir. 2002). Further, the witnesses pro-

vided corroborating testimony regarding the elements underlying both counts of conviction. As a result, Porter's motion for acquittal was properly denied.

With respect to Porter's third and fourth claims, we find no abuse of discretion in either the district court's denial of Porter's motion to interview the jury, *see United States v. Gravely*, 840 F.2d 1156, 1159 (4th Cir. 1988) (providing standard), or Porter's motion for a bill of particulars, *see United States v. Jackson*, 757 F.2d 1486, 1491 (4th Cir. 1985) (providing standard). Porter's motion to interview the jury failed to provide persuasive, credible evidence of an improper outside influence on the jury's deliberations. *See Tanner v. United States*, 483 U.S. 107, 125 (1987). Further, a bill of particulars was not necessary, as the prosecution's investigative file was open to Porter for inspection, and Porter's motion essentially sought a detailed disclosure of the government's evidence in advance of trial. *See United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985).

Finally, we find no abuse of discretion in the district court's denial of Porter's motion for mistrial based on a testifying witness's purported comment on Porter's post-arrest silence. *See United States v. Dorlouis*, 107 F.3d 248, 257 (4th Cir. 1997) (providing standard). We conclude the testimony in question was an isolated, spontaneous comment that the United States did not incorporate as part of its case against Porter. In addition, the district court provided an appropriate curative instruction. *See Williams v. Zahradnick*, 632 F.2d 353, 361-62 (4th Cir. 1980). As a result, the district court properly denied Porter's motion for mistrial.

Accordingly, we affirm Porter's convictions. We dispense with oral argument because the fact and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*